IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HAYTHAM ELZAYN, | Case No.: 3:24-cv-00952-AR |
| Plaintiff, | |
| v. | |
| ANTHONY TRAD; CHRISTOPHER TRAD; VISCOM INDUSTRIAL SUPPLY LLC; and LABELMAX ID LLC, | ORDER |
| Defendants. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jeff Armistead issued an order in this case, ECF 29, and a findings and recommendation ("F&R"), ECF 45. First, the order granted plaintiff's motion for extension of time, ECF 17, and extended the fact discovery deadline under Federal Rule of Civil Procedure 16(b)(4) to May 30, 2025. Defendants Anthony Trad and Christopher Trad (hereinafter, "defendants"[1]) timely filed objections to the order, to which plaintiff timely responded. *See* Defs. Objs. to Order ("Defs. Objs."), ECF 30; Pl. Resp. to Objs. to Order ("Pl. Resp."), ECF 34. Second, the F&R recommends that this Court grant plaintiff's motion to file a first amended complaint, ECF 38. No party filed objections to the F&R. These two matters are now before this Court pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Local Rule ("LR") 72-1. For the reasons stated below, the Court overrules defendants' objections to Judge Armistead's order, ECF 30, and adopts the F&R, ECF 45. Accordingly, the Court grants plaintiff's motion to file a first amended complaint, ECF 38.

//

//

---

[1] As reflected on the docket, the Court includes in the caption of this Opinion and Order the two corporate defendants named in plaintiff's pending motion to file a first amended complaint. However, as used in the body of this Opinion and Order, "defendants" includes only the individually named defendants, Anthony and Christopher Trad.

## LEGAL STANDARD

### A.    Nondispositive Orders

Parties have fourteen days to serve and file objections to a magistrate judge's order on a nondispositive matter.  Fed. R. Civ. P. 72(a).  "When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'"  *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)).  "'An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'"  *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).

The clearly erroneous standard "reflects the broad discretion accorded to magistrate judges on pretrial matters."  *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002), *aff'd*, 404 F. App'x 249 (9th Cir. 2010).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed."  *Sec. Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997) (quotes and citation omitted).  Indeed, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also Anderson v. City of Bessemer City*, 470 U.S. 567, 573 (1985) (stating that the clearly erroneous standard "does not entitle a reviewing court to reverse the finding . . . simply because it is convinced that it would have decided the case differently").  In a nutshell: "A party seeking review of a magistrate judge's on-dispositive ruling faces a daunting standard of review."  *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1096 (D. Nev. Oct. 18, 2022).

### B.    Findings & Recommendations

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  No standard of review is prescribed for portions for the report for which no objections are filed, and no review is required in the absence of objections.  *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985); *United States v. Reyna-Tapia*, 382

2

F.3d 1114, 1121 (9th Cir. 2003) (en banc).  A district judge is not, however, precluded from reviewing the report sua sponte under a de novo, or any other, standard.  *Thomas*, 474 U.S. at 154; *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017).  Courts in this district have followed the Advisory Committee's recommendation that, when no timely objection is filed, findings and recommendations be reviewed for "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see, e.g.*, *Hayden v. United States*, 147 F. Supp. 3d 1125, 1127 (D. Or. 2015) (following the recommendation of the Advisory Committee and reviewing magistrate judge's findings and recommendations for "clear error on the face of the record").

## DISCUSSION

### A.    Nondispositive Order

Plaintiff initiated this action on June 14, 2024.  Compl., ECF 1.  Following the parties' submission of a joint Rule 26(f) report and discovery plan, Judge Armistead, in relevant part, adopted a fact discovery deadline of February 28, 2025.  *See* Order of September 13, 2024, ECF 11.  On February 27, 2025, defendants filed a motion for summary judgment, ECF 13.

On February 28, 2025, plaintiff moved to extend the fact discovery deadline to May 30, 2025, and to extend all other deadlines to correspond with the new fact discovery deadline.  Pl. Mot. Ext. Disc. & PTO Deadlines, ECF 17.  In the motion, plaintiff asserted that the requested extension was necessary "to permit both parties sufficient time to complete their review and production of discovery documents and to conduct depositions."  *Id.* at 2.  Plaintiff explained that he served document requests on defendants on December 17, 2024.  *Id.*  Plaintiff later requested an update on defendants' production, which request defendants' counsel responded to on January 30, 2025, indicating that defendants "'anticipate[d] a small supplemental production [the] next week.'"  *Id.* at 2 (first alteration in original) (quoting an email from defendants' counsel).  However, on February 26, 2025, two days before the close of fact discovery, defendants informed plaintiff "that their 'production [was] complete with their initial disclosures.'"  *Id.* (quoting an email from defendants' counsel).  On February 27, 2025, the parties conferred; following this conferral, plaintiff "believe[d] there remain[ed] issues that must be addressed [regarding discovery]."  *Id.*

3

at 3.  Plaintiff further noted that he had waited to take depositions based on defendants' representations regarding the supplemental production.  *Id.*  Ultimately, plaintiff argued that "the remaining discovery period [was] insufficient . . . to meet and confer regarding [the supplemental] production, or to schedule and conduct depositions with time to follow up to those depositions," and that the new proposed deadline "would aid both parties by allowing for a fuller discovery period and to avoid any unnecessary discovery motions."  *Id.*

Defendants opposed plaintiff's motion on the grounds that "plaintiff failed to make the requisite showings of good cause and diligence."  Defs. Resp. Opp'n Pl. Mot. Ext. Disc. & PTO Deadlines, ECF 19.  Defendants asserted that they "timely completed their fact discovery and have moved for summary judgment," and that plaintiff, in contrast, "performed virtually no discovery activity and now seeks an extension of time."  *Id.* at 1-2.  Defendants argued that plaintiff did not engage in any discovery efforts until it served its only request for production of documents "more than three months after discovery opened."  *Id.* at 2.  After "[d]efendants timely issued their objections and responses on January 21, 2025," plaintiff undertook no other discovery efforts until filing his motion for extension of time.  *Id.*  Plaintiff "never once communicated a challenge to defendants' discovery objections, an inquiry into any specific request for production, a desire to take depositions, or a desire to engage in any additional discovery," and as of the date of defendants' response, "[t]here [were] no pending discovery requests[] [and] no scheduled discovery events."  *Id.*

Defendants emphasized that Rule 16(b)(4)'s "'good cause' standard primarily considers the diligence of the party seeking the modification, and the district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the extension.'"  *Id.* at 3 (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).  Indeed, defendants noted that "[i]f a party is not diligent in pursuing discovery during their allotted time, 'the inquiry should end.'"  *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (collecting cases)).  Defendants cited several cases in support of these arguments, including *Cherry v. Serco*, No. 2:19-cv-00353-HL, 2023 WL 142907, at *7-9 (D. Or. Aug. 26, 2022); *Boardman v. County of Sacramento*, 55 F. Supp. 3d 1271,

1276 (E.D. Cal. 2014).  Defendants further argued that under LR 16-3(a)(2), a "party moving for a discovery extension [must] show that [they have] made effective use of prior time."  *Id.* at 4.  Defendants ultimately asserted that plaintiff could not satisfy either the "good cause" or "effective use of prior time" requirements. *Id.* at 4-5.

Judge Armistead scheduled a telephone status conference, which took place on April 3, 2025. Mins. of Proceedings of April 3, 2025, ECF 27.  Judge Armistead directed plaintiff to provide a signed declaration with his position as to the timeline of discovery by April 10, 2025.  *Id.*  On April 10, 2025, plaintiff filed a declaration in support of the motion for extension of time.  Decl. of Robert Miller Supp. Pl. Mot. Ext. Disc. & PTO Deadlines, ECF 28.  The declaration recited the sequence of discovery events in the action, including, in relevant part, that on January 30, 2025, defendants' counsel stated via email that "a small supplemental production" of documents was anticipated to take place the next week, but that on February 26, defendants' counsel stated he believed defendants' "production is complete with their initial disclosures," which consisted of forty-six total pages of documents.  *Id.* at 2.

Upon review of the relevant filings, Judge Armistead found there was good cause to extend the fact discovery deadline under FRCP 16(b)(4) and, therefore, granted plaintiff's motion.  Order of April 15, 2025, ECF 29.  The order provided:

> **ORDER:** After reviewing plaintiff's motion for extension of time [ECF] 17 and the declaration submitted by plaintiff's counsel, Mr. Miller [ECF] 28, the court finds good cause to extend the fact discovery deadline under Rule 16(b)(4) and the motion is GRANTED.  Plaintiff's counsel attests that he received assurances on January 30, 2025, that defendants were producing supplemental documents, yet two days before fact discovery closed, on February 26, defendants' counsel Mr. DiCicco stated that no additional documents would be produced, and that production was complete with defendants' initial disclosures.  On February 27, when Mr. Miller was conferring about an extension of the discovery deadline, Mr. DiCicco conferred about defendants' summary judgment motion, which he filed the next day, February 28.  Given that this litigation commenced only in June 2024, that this is the first motion for extension of time, that minimal documents have been exchanged, and that no depositions have occurred, there is good cause to extend the discovery deadline to May 30, 2025.
>
> Resolving formal discovery motions unnecessarily expends resources of the court and the parties, the court expects the parties to follow the informal process previously described in [ECF] 7.
>
> The parties are directed to confer and submit a joint status report outlining the status of

5

document production and deposition scheduling and new case management deadlines by 4/24/2025; the report must include the following: deadline to amend pleadings and add parties; expert disclosures & reports; rebuttal expert witness disclosures & reports; expert discovery cutoff; and dispositive motions.

*Id.* Defendants filed objections to the order, arguing that plaintiff has not shown diligence and that the order erroneously focuses on defendants' actions as opposed to the diligence inquiry. Defs. Objs. 1-2, 5-6.

Upon review of the facts and record, the Court concludes that the order was not clearly erroneous or contrary to law. Defendants face a daunting standard of review, and this Court may not simply replace the magistrate judge's judgment with its own. The order applied the correct law—Rule 16(b)—and the determination that there was "good cause" was not illogical, implausible, or otherwise clearly erroneous. Regardless, the diligence inquiry does not exist in a vacuum; a defendant's actions, while not the *focus* of the diligence inquiry, may offer important context for a court to assess whether a plaintiff's actions, within that context, demonstrate the plaintiff's diligence. And where, as here, the litigation was in relatively early stages and no prior extensions for time had yet been sought, the Court cannot say it was clearly erroneous or contrary to law to find the good cause standard met. For these reasons, defendants' objections fail.

**B.      F&R**

The Court next turns to the pending F&R. Because no party in this case has made objections to the F&R, the Court reviews the F&R for clear error on the face of the record. Finding no such error, the Court ADOPTS the F&R, ECF 45. Accordingly, plaintiff's motion to file a first amended complaint, ECF 38, is GRANTED. Plaintiff shall file the amended complaint within fourteen (14) days of the date of this Order.

//

//

//

//

//

//

//

## CONCLUSION

For the reasons stated herein, the Court OVERRULES defendants' objections to Judge Armistead's order, ECF 30, and ADOPTS the F&R, ECF 45. Plaintiff's motion to file a first amended complaint, ECF 38, is GRANTED. Plaintiff shall file the amended complaint within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

DATED this 17th day of April, 2026.

Adrienne Nelson
United States District Judge

7